**UNITED STATES of America, Plaintiff**

**v.**

**Norma Iris CRUZ–SANTIAGO, Defendant.**

**No. CRIM.04–0111 (HL).**

United States District Court, D. Puerto Rico.

July 2, 2004.

Rachel Brill, San Juan, PR, for Defendant.

Antonio R. Bazan–Gonzalez, United States Attorney's Office, San Juan, PR, for Plaintiff.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is defendant's motion for judgement of acquittal and the Government's opposition. (Dkts. 39 and 44). On May 5, 2004, defendant Norma Iris Cruz–Santiago ("Cruz–Santiago") was convicted by a jury of her peers for being an accessory after the fact in violation of 18 U.S.C. § 3. Specifically, the government alleged at trial that Cruz–Santiago obstructed justice by providing assistance to Miguel Diaz Rivera ("Diaz–Rivera") who is currently a fugitive charged with conspiracy to possess a controlled substance with the intent to distribute. Defendant, however, argues that 1) the Government failed to provide evidence of the underlying crime committed by Diaz–Rivera; and 2) that the Government failed to present sufficient evidence that the defendant had knowledge of the alleged drug conspiracy involving Diaz–Rivera.

### I. Standard

In determining whether a judgment of acquittal is warranted based on insufficient evidence, the Court is obliged to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt... Framed another way, the inquiry we make '[i]s [whether] the evidence adduced at trial [is] sufficient to support a rational determination of guilty beyond a reasonable doubt.' " *U.S. v. Almonte,* 952 F.2d 20, 23 (1st Cir.1991) (quoting *United States v. Blair,* 886 F.2d 477, 478 (1st Cir.) and Article, *A Basic Guide to Standards to Judicial Review,* 33 S.D.L.Rev. 469, 478 (1988)).

According to 18 U.S.C. § 3, "[w]hoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact." Hence, in order to establish a violation of this statute the Government is required to prove beyond a reasonable doubt that Cruz–Santiago knew that Diaz–Rivera had conspired to possess and distribute narcotics, and that she had intentionally "given him comfort or assistance for the purpose of hindering or preventing [his] apprehension, trial, or punishment." *U.S. v. Triplett,* 922 F.2d 1174, 1180 (5th Cir.1991).

### II. Evidence of the Underlying Offense

Defendant's first line of attack is to assert that the Government failed to provide sufficient evidence of the underlying crime

committed by Diaz–Rivera. The Government, in its opposition fails to adequately respond to this argument stating instead "that the *only* issue in this case is whether defendant Norma Iris Cruz Santiago had knowledge that an offense against the United States had been committed by her common law husband." (Dkt.44) (emphasis added). Unfortunately, the Government is sadly mistaken. Federal courts throughout this country have uniformly held that the "commission of the underlying offense is a prerequisite for conviction as an accessory after the fact." *U.S. v. Innie*, 7 F.3d 840, 850 (9th Cir.1993). *See also U.S. v. De La Rosa*, 171 F.3d 215, 221 (5th Cir.1999) ("To show a violation of 18 U.S.C. § 3 (being an accessory after the fact), the government must prove: (1) *the commission of an underlying offense against the United States;* (2) the defendant's knowledge of that offense; and (3) assistance by the defendant in order to prevent the apprehension, trial, or punishment of the offender") (emphasis added); and *U.S. v. Lepanto*, 817 F.2d 1463, 1467 (10th Cir.1987). Indeed, even the First Circuit has noted that the "accessory after the fact offense does have some elements in common with the principal crime insofar as it requires proof of the substantive offense by someone." 149 F.3d 1, 6 n. 5 (1st Cir.1998).

■ Throughout the proceedings, the Government failed to provide substantive proof of the underlying offense. Rather, just like in their opposition to this motion, prosecutors focused almost exclusively on the second and third element of the crime—the defendant's knowledge of the underlying offense and her assistance in preventing Diaz–Rivera's apprehension. While it is true that "[c]onviction of the principal is not a necessary condition precedent to the conviction of an accessory after the fact" *U.S. v. Walker*, 415 F.2d 530 (9th Cir.1969), the Court cannot sustain a conviction without any evidence that

Diaz–Rivera voluntarily conspired to possess with the intent to distribute heroine, cocaine, crack cocaine, and marijuana as stated in his indictment. For example, a review of the record indicates that there was no circumstantial or direct evidence presented at trial to determine whether Diaz–Rivera acted alone or whether he had entered into a voluntary agreement with one or more individuals which ultimately is the essence of a conspiracy. *See Kitchell v. U.S.*, 354 F.2d 715, 719–720 n. 8 (1st Cir.1966) ("[a] single defendant can be indicted and convicted of conspiracy provid[ed] an unlawful agreement with others can be proved").

The Government's only tangible response to this argument comes in the form of a footnote where they assert that the "jury could have validly inferred that the offensive conduct of Miguel Diaz–Rivera...took place" based on a joint stipulation that Diaz–Rivera was charged in a separate indictment with the drug conspiracy. However, courts have unequivocally held that "an indictment is not evidence" *United States v. McDade*, 28 F.3d 283, 301 (3d Cir.1994). As a result, a rational jury could not infer that Diaz–Rivera committed the underlying offence

### III. Evidence of Defendant's Knowledge of the Underlying Offence

■ Second, defendant argues that even if the Government had proved that the underlying offense had been committed by Diaz–Rivera, the Government failed to provide sufficient evidence that Cruz–Santiago had knowledge of Diaz–Rivera's alleged drug conspiracy. In support, defendant relies heavily on the Ninth Circuit's decision in *U.S. v. Graves*, 143 F.3d 1185 (9th Cir.1998). In that case, the Court of Appeals overturned an accessory after the fact conviction because the Government failed to prove that the accessory was aware of one of the essential elements of the underlying crime. After thoroughly

reviewing the statute, the Circuit concluded "that the accessory after the fact statute requires the government to establish that the defendant was aware of the facts that constitute the *essential elements* of the offender's crime." *Graves*, 143 F.3d at 1190 (emphasis added).

In response, the Government attempts unpersuasively to distinguish the issue in *Graves* with this case before the Court. Moreover, the Government alleges that there was indeed strong circumstantial evidence that Cruz–Santiago knew of the specific crime committed by Diaz–Rivera and cites twenty-two pieces of evidence introduced at trial that they believe prove that the defendant knew of the underlying offence. A thorough review of this evidence, however, does not support the jury's determination. While the circumstantial evidence cited by the Government clearly indicates that Cruz–Santiago knew that Diaz–Rivera was a fugitive that had committed a federal narcotics offense, it does not support a finding that Cruz–Santiago knew the facts of each element of the specific underlying crime of conspiracy to possess with the intent to distribute controlled substances. A drug conspiracy charge requires proof that 1) an agreement specified in the indictment existed between at least two people to engage in a substantive crime; and 2) that the defendant willfully joined in that agreement. *First Circuit Pattern Criminal Jury Instructions* § 4.03 (1998). These are specific requirements and the record is devoid of any indication that Cruz–Santiago was specifically aware of any facts establishing that Diaz–Rivera had willfully entered into such an agreement with one or more individuals. Without this crucial piece of evidence, there is no support for a rational determination of guilt beyond a reasonable doubt.

Ironically, the Government argues that the "defendant took a gamble on the matter of whether the United States could prove defendant had knowledge that an offence against the United States had been committed." (Dkt.44). In fact, it was the Government that took the biggest gamble and lost. The Court notes that there was sufficient evidence presented at trial to sustain a conviction for a number of less serious charges such as harboring a fugitive under 18 U.S.C. § 1071. Indeed, sufficient evidence was presented at trial to prove that the defendant intended to assist Diaz–Rivera in order to avoid his apprehension. However, the Government, for whatever reason, chose to charge the defendant with an offense that has a higher evidentiary threshold which they ultimately failed to cross. It is a stark reminder once again of the greater risks and pitfalls associated with seeking the maximum charge and penalty for an alleged crime.

In essence a review of the record leads the Court to conclude that the government failed to prove beyond a reasonable doubt the essential elements of the offense of being an accessory after the fact. Accordingly, Cruz–Santiago's conviction must be reversed for insufficiency of evidence.

**IT IS SO ORDERED.**